**Motion Granted; Dismissed and Memorandum Opinion filed May 15, 2012.**



**In The**

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

———————————

**NO. 14-12-00298-CR**

———————————

**EX PARTE BERNARD MARIO CLARK**

---

**On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Cause No. 06-DCR-044740A**

---

## MEMORANDUM  OPINION

This is an attempted out-of-time appeal from the denial of habeas corpus relief by the Texas Court of Criminal Appeals on September 21, 2011. Appellant's notice of appeal was not filed until March 16, 2012. The State has filed a motion to dismiss the appeal for want of jurisdiction.

Appellant was convicted of aggravated assault with a deadly weapon in 2007 and sentenced to 45 years in prison. *See Clark v. State,* No. 14-08-00025-CR, 2008 WL 544187 (Tex. App.—Houston [14th Dist.] Dec. 30, 2008, pet. ref'd) (not designated for publication). This court affirmed his conviction on direct appeal, and the Texas Court of Criminal Appeals refused his petition for discretionary review. *Id.* Not only is appellant's notice of appeal untimely, this court lacks jurisdiction over an appeal from a

post-conviction application for writ of habeas corpus on a final felony conviction. Only the Texas Court of Criminal Appeals has jurisdiction over matters related to post-conviction relief from a final felony conviction. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. 1991); *see also* Tex. Code Crim. Proc. art. 11.07; *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (holding that article 11.07 provides the exclusive means to challenge a final felony conviction).

In addition to dismissal of the appeal, the State requests that we determine that this appeal is frivolous, as set out in Section 498.0045 of the Texas Government Code. [1] "[A]n application for writ of habeas corpus is considered 'frivolous' if brought for the purpose of abusing judicial resources." Tex. Gov't Code § 498.0045(a-1). Earlier this year, appellant attempted to appeal the trial court's order from the same writ proceeding. *See Clark v. State,* No. 14-12-00091-CR, 2012 WL 681818 (Tex. App.—Houston [14th Dist.] Mar. 1, 2012, no pet.) (not designated for publication) (dismissing the appeal for want of jurisdiction). In that opinion, the court clearly stated that "only the Court of Criminal Appeals has jurisdiction to review post-conviction habeas corpus proceedings." *Id.* at *1.

Appellant has filed a second appeal in this court from the same post-conviction habeas proceeding after being informed that we lack jurisdiction. In addition, it appears from the documents filed with this court that appellant has filed more than one writ application with the Texas Court of Criminal Appeals.[2] Furthermore, the federal court also denied a habeas application. *See Clark v. Thaler*, No. H-10-3035, 2011 WL 1885181 (S.D. Tex. May 18, 2011) (not designated for publication).

---

[1]   The statute was amended in 2005 to apply to proceedings arising from an application for writ of habeas corpus.

[2]   Appellant included with his notice of appeal a copy of the notice from the Texas Court of Criminal Appeals that his "subsequent" habeas application was dismissed.

Accordingly, we grant the State's motion. We determine that this appeal is frivolous as defined in Section 498.0045 of the Texas Government Code. Tex. Gov't Code § 498.0045(a-1). We order the appeal dismissed as frivolous.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Seymore and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).